IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. 1888-03





MARIO CASARES, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


DALLAS COUNTY





 Johnson, J., delivered the opinion of the Court, in which Keller, P.J., and Price,
Womack, Keasler, Hervey, Holcomb, and Cochran, JJ., joined. Meyers, J., dissented.


O P I N I O N



 Appellant was charged by indictment with murder by shooting Carlos Barrera with a firearm. 
A jury convicted appellant of murder as charged in the indictment and assessed punishment at
confinement in the institutional division of the Texas Department of Criminal Justice for forty years. 
On appeal, the court of appeals affirmed the judgment. Casares v. State, No. 05-02-01394-CR
(Tex.App. - Dallas, delivered October 14, 2003).

 Appellant and his wife and children lived in an apartment downstairs from the apartment
occupied by his mistress, Marina Montes, her mother, her son, and her brother, Carlos Barrera. 
Toward the end of the affair and after it ended, hostility developed between the two families,
including verbal and physical confrontations. On the day of the murder, appellant, armed with a gun
and accompanied by his brother, Jaime Quintero, went upstairs to talk to Montes and her family 
about telephone calls to appellant's wife. Although precisely what happened during the confrontation
was disputed at trial, the confrontation ended when Barrera was shot and killed. Appellant was
charged with murder. At trial, appellant claimed self-defense and sought to have an instruction on
the law of self-defense included within the jury charge. The trial court declined to include such an
instruction.

 In the court of appeals, appellant argued that the trial court erred in failing and refusing to give
a jury charge on the issue of self-defense. The court of appeals affirmed the judgment of the trial
court. We granted appellant's petition for discretionary review, which asserts that the court of appeals
erred in affirming the trial court's ruling. (1) His reasons for review contend that the decision of the
court of appeals conflicts with our prior decisions and has departed from the accepted and usual
course of judicial proceedings or sanctioned such departure by the trial court.

The Evidence

 At trial, Barrera's mother and sister testified that appellant and his brother forced their way
into their apartment and that appellant then shot Barrera, who was unarmed, several times.

 Appellant testified that Jaime went upstairs to talk to Montes and her family about the
problems between them and appellant's wife and, shortly thereafter, appellant also went upstairs. 
Appellant denied that he had forced his way into the apartment, but admitted that he was carrying a
concealed nine-millimeter pistol and that he was not licensed to carry such a weapon. According to
appellant's testimony, when he arrived at Montes's apartment, he talked with Montes and her mother
and told them not to bother his family. Barrera, who was sitting on a sofa, abruptly stood up,
threatened to kill appellant, and "made that movement." Appellant testified that he drew his gun and
fired because he was afraid "that he'd shoot me, because my life was in danger and that he could kill
me," and that, after he had fired the first shot, Barrera came towards him and that they struggled over
the gun. Barrera suffered multiple gunshot wounds. After the shooting, appellant ran downstairs and
into the woods to hide because he was frightened. Appellant admitted that he did not see Barrera with
a gun, but because of the movement, he thought that Barrera was pulling a gun.

The Requested Instruction

 After the close of evidence, appellant objected to the jury charge because it did not include
a self-defense instruction. He also requested an unrestricted charge on self-defense because he
asserted that the requirements of § 9.31(b)(5) had not been met. He also specifically requested the
inclusion of a jury instruction on self-defense, including instructions regarding the accused seeking
an explanation from or discussion with the complainant. (2) The trial court refused to include the
requested instructions. On appeal, the court of appeals concluded that the statutory limitation on self-defense found in Tex. Penal Code § 9.31(b)(5) was established by the evidence as a matter of law
and that appellant was thus not entitled to a self-defense instruction. Casares, supra, slip op. at 5.

Discussion

 Section 9.31 of the Penal Code provides for self-defense as justification in using force against
another. However, § 9.31(b)(5) provides that the use of force against another is not justified "if the
actor sought an explanation from or discussion with the other person concerning the actor's
differences with the other person while the actor was: (A) carrying a weapon in violation of § 46.02;
or (B) possessing or transporting a weapon in violation of § 46.05" of the Penal Code.

 While it is undisputed that appellant was carrying the handgun in violation of § 46.02, he
asserts that there was an evidentiary dispute as to whether he sought an explanation from and
discussion with his mistress rather than the complainant and that if the jury determined that he was
not seeking an explanation from or discussion with the complainant, then the limitation in §
9.31(b)(5) would not apply. He also argues that the evidence shows that he had no prior dispute with
the complainant and that the earlier confrontation had been between his wife and the family that lived
upstairs, i.e. his mistress and her family. He asserts that, because of this fact issue, the self-defense
instructions that he requested should have been included within the jury charge and that the failure
to do so was error. He also asserts that, because the complainant was not "the other person" as
required by § 9.31(b)(5), a required element was not satisfied.

 The state argues that the court of appeals properly determined that appellant was not entitled
to a self-defense instruction as a matter of law because the evidence shows that he sought a discussion
with the complainant and the complainant's family while unlawfully armed. The state also disputes
appellant's claims that he had no prior problem with the complainant. It cites evidence of the ongoing
feud between appellant's wife and Montes and her family, including the complainant. Alternatively,
the state argues that any error in denying appellant's request for self-defense instructions was
harmless.

 "A defendant is entitled to an instruction on self-defense if the issue is raised by the evidence,
whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial
court may think about the credibility of the defense." Ferrel v. State, 55 S.W.3d 586, 591 (Tex. Crim.
App. 2001). However, if the evidence, viewed in the light most favorable to the defendant, does not
establish self-defense, the defendant is not entitled to an instruction. Id. 

 Appellant asserts that there was a fact issue as to whether he sought an explanation from or
discussion with the complainant concerning his differences with the complainant. Appellant points
to his testimony in response to a question about whether he had any problems with the complainant
prior to this incident; "No, just that he wouldn't talk to me." Appellant also testified that on the date
in question, he had left his apartment "to go upstairs and talk with [Barrera] and [Montes] and her
mother to talk about this." Thus, appellant's own testimony shows that he included Barrera in his
attempt to discuss the conflict between the two families, which arose because of appellant's
involvement with Montes and that, before this incident, there had been a degree of antagonism
between the two men.

 It is undisputed that appellant was carrying a handgun in violation of § 46.02. Appellant's
brief states that appellant went to talk to "the people that live upstairs from [him]." Barrera was one
of "the people [who] lived upstairs." According to the explicit terms of § 9.31(b)(5), if appellant
"sought an explanation from or discussion with the other person concerning the actor's differences
with the other person" while carrying the weapon in violation of § 46.02, the use of force against the
other person was not justified, and appellant therefore was not entitled to a self-defense jury
instruction.

 We conclude that the record establishes that, while carrying a weapon in violation of § 46.02,
appellant sought an explanation from or discussion with the complainant concerning appellant's
differences with him and others. Pursuant to the explicit terms of § 9.31(b)(5), the use of force for
self-defense was not justified, and appellant was not entitled to his requested jury instruction. 
Accordingly, we overrule appellant's grounds for review and affirm the judgment of the court of
appeals.


 Johnson, J.

En banc

Delivered: November 17, 2004

Do not publish
1. Appellant's grounds for review are: 1) The trial court erred in failing to give a jury charge on the issue of
self-defense; 2) The trial court erred in failing to give a jury charge on the issue of self defense as a matter of law; 3)
The trial court erred in failing to give a jury charge on the issue of self defense as a matter of fact; and 4) The trial
court erred in refusing the requested charge on the issue of self defense.
2. Appellant stated that "self-defense per se is a jury issue to be established by the jury for them to establish
if there's a fact of self-defense or not." He then recited the qualifying instruction that he was requesting: that the jury
charge include an instruction regarding whether there was a reasonable doubt that appellant had sought an
explanation from or discussion with the complainant while carrying a weapon. He then requested "the original
charge of self-defense and the qualifying charge behind it." After that was denied, appellant then recited another
instruction regarding reasonable doubt as to whether the person from whom he sought an explanation or discussion
was the complainant and again "request[ed] the original charge on self-defense plus that qualifying charge." The
trial court again denied appellant's request.